UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
)
)
v. ) 2:25-CR-00019-DCLC-CRW
)
)
FRANKIE DWAYNE CRUM )
)
)

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Reconsider Order on Suppression and Notice of Continuing Objection. [Doc. 53]. The United States responded [Doc. 56] and this matter is ripe for resolution. For the following reasons, Defendant's motion is **DENIED**.

I.    **BACKGROUND**

On December 5, 2025, Defendant filed several motions to suppress seeking to exclude the evidence officers obtained after they arrested him pursuant to what Defendant argued was an invalid arrest warrant. [Docs. 25, 26, and 27]. This evidence included a hunting rifle, ammunition, narcotics, and other contraband seized from his truck as well as certain statements he made following a traffic stop that occurred on December 24, 2024. *Id.* The Court conducted an evidentiary hearing regarding these motions to suppress on December 18, 2025. [Doc. 30]. After permitting Defendant to file supplemental briefing on the issues [Doc. 33], the Court ultimately denied Defendant's motions to suppress on January 9, 2026. [Doc. 37]. The Court found that whether or not the arrest warrant was constitutionally invalid, the good faith exception applies because the officers acted in objectively reasonable reliance on the active arrest warrant, and probable cause existed for the officers to search Defendant's vehicle. *Id.*

More than two months later, and only days before trial is set to commence on April 7, 2026, Defendant now seeks for the Court to reconsider its Order denying his motions to suppress. [Doc. 53].

## II.    DISCUSSION

While the Federal Rules of Criminal Procedure do not provide for a motion to reconsider, courts ordinarily review these motions "under the same standards that govern a civil motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e)." *United States v. Reynolds*, No. 3:08-cr-143, 2018 WL 1950433, at *1 (E.D. Tenn. Apr. 24, 2018) (citation omitted).

Rule 59(e) states that a party may file a motion to alter or amend judgment within 28 days from the entry of judgment, and it permits a court to alter judgment based on "(1) a clear error in law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quotation omitted). "[P]arties should not use [Rule 59(e)] to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Relief under Rule 59(e) does not permit parties to effectively "re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

A district court has "considerable discretion" in deciding whether to grant a motion under Rule 59(e). *Leisure Caviar, LLC*, 616 F.3d at 615 (citation omitted). A motion under Rule 59(e), however, "run[s] contrary" to notions of "finality and repose" and is therefore "generally discouraged" and "afford[s] relief only under extraordinary circumstances." *Polzin v. Barna & Co.*, No. 3:07-cv-127, 2007 WL 4365760, at *3 (E.D. Tenn. Dec. 11, 2007).

2

Firstly, the motion is untimely. Defendant filed his motion to reconsider on March 20, 2026, more than a month beyond the 28-day window permitted under Rule 59(e) after the Court entered its Order on January 9, 2026. *See* [Docs. 37, 53]. The Court may deny Defendant's motion on that ground alone. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Secondly, even if timely, Defendant does not identify any basis for relief under Rule 59(e). Rather than pointing to a clear error in law, newly discovered evidence, an intervening change in controlling law, manifest injustice, he advances the same arguments regarding the automobile exception that could have been raised prior to the Court's Order. *See Engler*, 146 F.3d at 374 ("A motion under Rule 59(e) is not an opportunity to re-argue a case."). Defendant now contends that the automobile exception does not apply because Defendant's vehicle was parked within the curtilage of a residence and because officers allegedly prolonged the stop to conduct a K-9 free-air sniff. [Doc. 53, pgs. 1–3]. The Court previously held that the automobile exception applies here because the officers had probable cause to search Defendant's vehicle under the totality of the circumstances. *See* [Doc. 37, pgs. 10–11]. Rule 59(e) does not permit Defendant to relitigate that determination. *See Howard*, 533 F.3d at 475.

Defense counsel also includes an excerpt of Defendant's pro se arguments, which largely re-assert challenges to the validity of the arrest warrant and the applicability of the good-faith exception. *See* [Doc. 53, pgs. 3–4 ("The Defendant has instructed undersigned counsel to file the following, which is taken directly from the Defendant's pro se pleading sent to counsel in this matter.")]. Defendant contends that deputies engaged in repeated, warrantless intrusions reflecting a deliberate disregard for constitutional protections and argues that, because the officers lacked a warrant, consent, exigent circumstances, or a lawful basis for the stop, suppression is required.

These arguments do not warrant reconsideration. The Court conducted a full evidentiary hearing and has already addressed Defendant's search-related challenges in its prior Order. Rule 59(e) does not permit Defendant to relitigate those issues.

Defendant also asserts that the clerk-issued attachment was defective. That argument is untimely and will not be considered. Even if it were properly before the Court, it lacks merit. "[E]ven where an arrest warrant is found to be defective, the simple existence of probable cause will support the officer's action." *United States v. McWhorter*, 515 F. App'x 511, 516 (6th Cir. 2013) (citation omitted). Here, the Court has already found that probable cause supported the search of Defendant's vehicle.

Relief under Rule 59(e) is an extraordinary remedy, particularly here when this case is one week away from trial. Defendant fails to raise sufficient grounds for the Court to reconsider its Order denying Defendant's motions to suppress. *See Engler*, 146 F.3d at 374; *Howard*, 533 F.3d at 475.

## III.   CONCLUSION

For the reasons set forth, Defendant's motion to reconsider [Doc. 53] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge