UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:25-CR-00019-DCLC-CRW |
| | ) | |
| | ) | |
| FRANKIE DWAYNE CRUM | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 8, 2026, a federal jury found Defendant Frankie Dwayne Crum guilty on multiple counts of the Superseding Indictment [Doc. 45] following a two-day trial. [Doc. 77]. Defendant was convicted on Counts One and Two for possession of a firearm and ammunition as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Count Three for possession of more than five grams of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and Count Four for possession of fentanyl with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). *Id.*

Before the Court are Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29(c) [Doc. 85] and Motion for New Trial [Doc. 86]. The United States responded. [Docs. 87, 88]. For the reasons that follow, Defendant's motions are **DENIED**.

I.      **LEGAL STANDARDS**

     A.      **Motion for Acquittal**

Pursuant to Federal Rule of Criminal Procedure 29, the Court may "set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c). The standard for granting a Rule 29 motion for judgment of acquittal is "demanding." *United States v. Brooks*, 987 F.3d 593, 601 (6th Cir. 2021).

The defendant bears a "very heavy burden," *United States v. Robinson*, 99 F.4th 344, 354 (6th Cir. 2024) (quoting *United States v. Emmons*, 8 F.4th 454, 478 (6th Cir. 2021)), and must show that "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Brooks*, 987 F.3d at 601 (citing *United States v. Maya*, 966 F.3d 493, 498 (6th Cir. 2020)).

When deciding a Rule 29 motion, the Court does not "weigh the evidence presented, consider the credibility of witnesses, or substitute [its] judgment for that of the jury." *Robinson*, 99 F.4th at 353 (quoting *United States v. Jackson*, 470 F.3d 299, 309 (6th Cir. 2006)). Instead, it "must 'draw all available inferences and resolve all issues of credibility in favor of the jury's verdict.'" *Id.* (quoting *Jackson*, 470 F.3d at 309). The evidence can be circumstantial, and "need not remove every reasonable hypothesis except that of guilt." *Id.* at 354 (quoting *United States v. LaVictor*, 848 F.3d 428, 456 (6th Cir. 2017)).

### B.    Motion for New Trial

Pursuant to Federal Rule of Criminal Procedure 33, the Court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The rule does not define interest of justice and the courts have had little success in trying to generalize its meaning." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (internal quotation marks and citation omitted). "The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that 'the [jury's] verdict was against the manifest weight of the evidence.'" *Id.* (quoting *United States v. Crumb*, 187 F. App'x 532, 536 (6th Cir. 2006)). It is also "widely agreed that Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred." *Id.* (citing *United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004)).

"Generally, such motions are granted only 'in the extraordinary circumstance where the evidence preponderates heavily against the verdict.'" *United States v. Montgomery*, 358 F. App'x

2

622, 628 (6th Cir. 2009) (quoting *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007)).  On a Rule 33 motion, the Court "may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence."  *Hughes*, 505 F.3d at 593.  The defendant bears the burden of proof, and the Sixth Circuit has stated that such motions "should be granted sparingly and with caution."  *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993).

## II.    ANALYSIS

### A.    Motion for Acquittal

Defendant moves for the Court to enter a post-verdict judgment of acquittal challenging his conviction on Counts Three and Four of the Superseding Indictment for possession with intent to distribute methamphetamine and fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and (b)(1)(C).  First, he argues that the United States failed to prove Defendant had actual knowledge of the methamphetamine and fentanyl.  Second, he argues that the United States failed to prove he possessed the drugs with the intent to distribute.

#### i.    Knowledge

Defendant states that the evidence introduced at trial established that "he never provided any statements indicating that he was aware of the drugs in the car." [Doc. 85, pg. 2].  He contends that this means his "lack of knowledge of the drugs shows his inability to exercise any control over them" and the United States failed to prove constructive possession over the drugs.  In support of this argument Defendant raises that when the officer asked him, "whether the grey/brown powder was heroin or fentanyl he responded he did not know."  *Id.*

For the United States to prove these charges, it had to establish that "(1) the defendant knowingly, (2) possessed a controlled substance, (3) with intent to distribute."  *United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006).  The United States is not required to prove actual

possession of a controlled substance—constructive possession is sufficient. *See United States v. Jenkins*, 593 F.3d 480, 484 (6th Cir. 2010). Constructive possession exists "when a person ... knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Bailey*, 553 F.3d 940, 944 (6th Cir. 2009) (citation and emphasis omitted).

Here the jury heard sufficient evidence to conclude that Defendant constructively possessed the methamphetamine and fentanyl. The United States introduced evidence establishing that the officers found the drugs in a truck registered to Defendant after a traffic stop. *See* [Doc. 88, pgs. 3–4]. Defendant was driving the truck when the officers initiated the traffic stop and he was the sole occupant. *Id.* The drugs were hidden inside the cupholder compartment in the backseat that had been modified to conceal the drugs. *Id.*

Defendant also possessed drug paraphernalia at the time of the traffic stop that further establishes constructive possession of the drugs found in his truck. *See id.* at 4; *United States v. Cobbs*, 233 F. App'x 524, 534 (6th Cir. 2007) ("While mere proximity to the drugs is not sufficient, proximity combined with other evidence of the defendant's involvement in a conspiracy to distribute [drugs] will suffice to establish possession."). Before the officers conducted the search, Defendant admitted that he had a syringe in his pocket, removed it, and threw it into the bed of his truck. [Doc. 88, pg. 4]. The officers also recovered several syringes, plastic baggies, large quantities of cash, and a loaded firearm in Defendant's truck. *Id.* Defendant's possession of drug paraphernalia and tools associated with the drug trade are further evidence of his constructive possession over the fentanyl and methamphetamine recovered from his truck. *See, e.g., United States v. Helton*, 32 F. App'x 707, 712 (6th Cir. 2002) ("The drug contraband, such as the scale, found in Helton's home is further evidence of constructive possession of the cocaine.").

4

The Sixth Circuit has also repeatedly held that "the government need not 'prove mens rea as to the type and quantity of the drugs' in order to establish a violation of § 841." *United States v. Villarce*, 323 F.3d 435, 439 (6th Cir. 2003) (quoting *United States v. Garcia*, 252 F.3d 838, 844 (6th Cir. 2001)). The "drug type and quantity are irrelevant to the mens rea element of § 841(a), which requires nothing more specific than an intent to distribute a controlled substance." *Id.*

### ii.     Intent to Distribute

Defendant next contends that the United States failed to prove Defendant possessed the drugs with the intent to distribute. [Doc. 85, pg. 2]. He argues that the drugs were not packaged for resale, no ledger was found with the drugs, the amount of the drugs recovered was relatively small (19 grams of methamphetamine and 18 grams fentanyl), and the paraphernalia recovered indicated personal use rather than for distribution purposes. *Id.*

Intent to distribute "can be inferred by the jury from circumstantial evidence of possession of large quantities, or an estimated street value of the drug." *United States v. Faymore*, 736 F.2d 328, 333 (6th Cir. 1984) (internal citations omitted). The United States presented testimony sufficient to permit a rational trier of fact to conclude that Defendant possessed these drugs not only for personal consumption, but also with the intent to distribute them. The Court admitted Officer Jake Little to testify as an expert and based on his training and experience, he testified that the quantity of drugs recovered from Defendant's truck was consistent with a distribution amount as their dosage amount is portions of grams. [Doc. 88, pg. 5].

Intent to distribute can also be inferred from several other factors including "the presence of drug distribution paraphernalia, including scales and packaging materials; the concurrent seizure of large amounts of currency; and the purity of the drugs." *United States v. Massey*, 758 F. App'x 455, 461 (6th Cir. 2018) (citation omitted); *see United States v. Stewart*, 69 F. App'x

213, 216 (6th Cir. 2003) ("[T]he evidence that Stewart was in possession of a large amount of cash, jewelry and loaded firearms when he was apprehended supports the jury's conclusion that he intended to distribute the drugs in his possession."). Officer Little testified as to the drug paraphernalia items recovered which included a digital scale typically used to weigh out drugs for customers, a plastic bag with a spoon inside which appeared to contain drug residue consistent with use to scoop the drugs into individual bags, and plastic baggies located in Defendant's jacket pocket. [Doc. 88, pg. 6]. Defendant also possessed a large amount of cash and a loaded firearm. *Id.* These circumstances support the jury's verdict that Defendant possessed fentanyl and methamphetamine with the intent to distribute.

As to both of his arguments about lack of knowledge and intent to distribute, Defendant fails to overcome his heavy burden to prove that "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brooks*, 987 F.3d at 601. The Court must draw all inferences in favor of the jury's verdict on a Rule 29 motion and therefore Defendant's motion for a judgment of acquittal [Doc. 85] is denied.

### B. Motion for New Trial

Defendant also filed a motion for a new trial [Doc. 86] pursuant to Rule 33 arguing that the Court erred in admitting certain evidence, erred in overruling Defendant's objection that Officer Little should not be admitted as an expert, and that the verdict was against the manifest weight of evidence. The Court will address each issue.

### i. Admission of Evidence

Defendant argues that the Court erred when it admitted evidence the officers recovered when they searched Defendant and his truck following the traffic stop and when it admitted Defendant's statements. [Doc. 86, pgs. 1–2]. Defendant previously filed several motions to

suppress [Docs. 25, 26, 27] regarding these same issues that the Court resolved in a lengthy opinion [Doc. 37]. Defendant does not raise any new legal arguments in his motion for new trial but "reinstates all arguments previously set forth in these prior filings." [Doc. 86, pg. 1]. To avoid reiterating the entire opinion, the Court incorporates its prior decision by reference and will summarize. *See* [Doc. 37].

The Court held that the evidence seized as a result of Defendant's arrest pursuant to a warrant that Defendant claims is invalid is nevertheless subject to the good-faith exception. The Court declined to suppress the evidence, finding that the exclusionary rule did not apply. *See id.* at 5–9; *Arizona v. Evans*, 514 U.S. 1, 14–15 (1995). It found that based on the totality of the circumstances, the officers had probable cause to search Defendant's truck following his arrest. [Doc. 37, pg. 11]. And finally, it found that Defendant's statements were admissible because they were voluntary and not subject to exclusion under *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). *Id.* at 13. The Court therefore did not commit a substantial legal error and Defendant's motion for a new trial on these grounds is denied.

### ii. Expert Testimony

Defendant next argues that the Court erred by allowing Officer Little to testify as an expert witness and that the scope of his testimony violated Federal Rule of Evidence 704(b) when he opined on the ultimate issue of Defendant's culpability. Defendant contends that Officer Little should not have been admitted as an expert in drug usage and drug trade because he "had done little to quantify his experience, and he had not reviewed or otherwise compiled his prior experiences when arriving at the average drug weights associated with personal use." [Doc. 86, pg. 2]. The United States provided Defendant with pretrial written notice of Officer Little's proffered testimony pursuant to Fed. R. Crim. P. 16(a)(1)(G) and Defendant did not object to his

testimony until trial. The Court permitted Officer Little to testify as an expert witness over Defendant's objection based on Officer Little's experience and specialized knowledge.

Under Federal Rule of Evidence 702, "a person with 'specialized knowledge' qualified by his or her 'knowledge, skill, experience, training, or education' may give opinion testimony if it 'will assist the trier of fact to understand the evidence or determine a fact in issue.'" *United States v. Johnson*, 488 F.3d 690, 698 (6th Cir. 2007) (quoting Fed. R. Evid. 702). It is well established that courts permit "experienced officers to give expert opinions about common practices of the drug trade so long as the testimony is relevant and reliable." *Maya*, 966 F.3d at 505 (citations omitted). Furthermore, "[c]ourts may permit this testimony even if it 'embraces an ultimate issue to be decided by the trier of fact.'" *Id.* (citing *Johnson*, 488 F.3d at 699).

The Court properly admitted Officer Little as an expert witness based on his 19 years of experience in law enforcement with more than seven years dedicated to narcotics investigations in which he interviewed hundreds of drug users and distributors and participated in many controlled buys of controlled substances. [Doc. 87, pg. 3]. The Sixth Circuit "routinely allows qualified law enforcement officials to testify that circumstances are consistent with drug distribution rather than personal use." *United States v. Ham*, 628 F.3d 801, 805 (6th Cir. 2011) (quoting *United States v. Alford*, 332 Fed. App'x. 275, 282 (6th Cir. 2009)). Officer Little did not violate Rule 704(b). His testimony about whether quantities and paraphernalia are consistent with distribution is not testimony about Defendant's mental state, which is what Rule 704(b) forbids. He opined as to the tools and paraphernalia in Defendant's truck and stated that they were consistent with drug distribution rather than personal use. *See United States v. Hall*, 20 F.4th 1085, 1104 (6th Cir. 2022) ("Given that this court has reiterated that an officer is permitted to testify that certain quantities of narcotics are consistent with drug distribution rather than personal use, the district

8

court did not plainly err in permitting Smith to testify that 500 grams of cocaine and 300 grams of heroin constitute a drug-trafficker's amount.").

Defendant's motion for new trial based on Officer Little's expert testimony is therefore denied.

### iii.      Verdict Against the Weight of Evidence

Defendant argues that the jury's verdict was against the manifest weight of evidence requiring a new trial. [Doc. 86, pg. 3]. Defendant briefly reiterates his arguments in his motion for acquittal—that there was no evidence showing Defendant participated in any drug sales, the quantities of the drugs were small, and that Defendant's drug paraphernalia was consistent with personal use. *Id.* These arguments are insufficient, however, on a motion for new trial under Rule 33, which "are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *Hughes*, 505 F.3d at 593.

For the reasons discussed above in the Court's analysis of the motion for acquittal and now incorporated here, the evidence produced at trial supports the jury's verdict on every count. Defendant, as the sole owner and driver of his truck, had constructive possession over the drugs found in the hidden compartment. Expert testimony confirmed that the quantities of methamphetamine and fentanyl were consistent with distribution purposes rather than personal use. The other items officers recovered from the search—a digital scale, a spoon with what appeared to be drug residue, baggies typically used for packaging drugs, a large quantity of cash, and a loaded firearm—further corroborate that Defendant intended to distribute the methamphetamine and fentanyl.

Defendant fails to meet his burden to demonstrate that the jury's verdict was "against the manifest weight of the evidence." *Hughes*, 505 F.3d at 592.

## III. CONCLUSION

For the reasons stated, Defendant's motion for acquittal [Doc. 85] and motion for new trial [Doc. 86] are **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge